**MILLER AUTOMOBILE CORP.,**
d/b/a Darien Automotive
Group, Plaintiff,

v.

**JAGUAR LAND ROVER NORTH
AMERICA, L.L.C.,**
Defendant.

**Civil No. 3:09–CV–1291 (EBB).**

United States District Court,
D. Connecticut.

Sept. 16, 2011.

Jason T. Allen, Richard N. Sox, Jr., Robert C. Byerts, Bass Sox Mercer, Tallahassee, FL, Peter M. Nolin, Sandak Hennessey & Greco, Stamford, CT, for Plaintiff.

Carl J. Chiappa, Hogan Lovells U.S. LLP, New York, NY, James M. Campbell, Michelle I. Schaffer, Campbell, Campbell, Edwards & Conroy, P.C., Boston, MA, Martin A. Price, Paul A. Werner, Hogan &

Hartson, LLP, Washington, DC, for Defendant.

### RULING ON DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, L.L.C.'S MOTION TO DISMISS

ELLEN BREE BURNS, Senior District Judge.

Defendant Jaguar Land Rover North America, L.L.C. ("JLRNA"), the manufacturer and marketer of Jaguar and Land Rover automobiles, moves to dismiss all four counts of the second amended complaint ("Second Amended Complaint") filed against it by the plaintiff Miller Automobile Corporation, d/b/a Darien Automotive Group ("Darien"), a Jaguar dealership in Darien, Connecticut. Previously, the court granted, with leave to replead, JLRNA's motion to dismiss count IV and count V of Darien's first amended complaint, alleging breach of the implied covenant of good faith and fair dealing and a violation of the Franchise Act, Conn. Gen.Stat. § 42–133. *See Miller Auto. Corp. v. Jaguar Land Rover N. Am., L.L.C,* No. 3:09–CV–1291, 2010 WL 3417975 (D.Conn. Aug. 25, 2010).

In its second amended complaint, Darien alleges (a) breaches of contract (count I & count III) and has replead breaches of the implied covenant of good faith and fair dealing (count II & count IV). All of Darien's claims arise out of its request to relocate its Jaguar dealership, pursuant to the terms of the dealership agreement, and JLRNA's denial of that request.

For the following reasons, JLRNA's motion [doc. # 56] is GRANTED.

### LEGAL STANDARD

■ The function of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984) (quoting *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980)). Therefore, when considering a motion to dismiss, the Court must accept the facts alleged in the complaint as true, draw inferences in the light most favorable to the plaintiff and construe the complaint liberally. *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001). In ruling on a motion to dismiss, the Court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007).

■ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Conclusory allegations are not sufficient. *Id.* at 1949–50.

### DISCUSSION [1]

#### I. Breach of Contract (Count I)

■ JLRNA argues that Darien's claims for breach of contract stemming

---

1. For the purpose of this ruling on JLRNA's motion to dismiss, familiarity with the under-

from its denial of Darien's relocation request should be dismissed because, pursuant to the dealer agreement, JLRNA was not limited in what factors it could take into consideration in determining whether to grant such a relocation request. The Court agrees.

Count I of Darien's second amended complaint alleges that JLRNA breached Article 4.4 of the dealer agreement, which governs dealership relocations.[2] Specifically, Article 4.4 of the dealer agreement provides in relevant part:

> Dealer understands that in evaluating any proposed site, the Company will consider various factors, including, but not limited to, the adequacy of the site for a dealership of the size contemplated, the convenience and accessibility of the site to existing and potential Jaguar owners and the type and quality of residential buildings and commercial enterprises located in the general area adjacent to and surrounding the site.... The Company will approve the proposed relocation only if, based upon all the relevant factors, the Company in the exercise of its good faith business judgment considers the proposed relocation to be in the best interest of Dealer and of Jaguar owners in the area in which Dealer is located.

Darien claims that JLRNA conditioned its relocation request on Darien's entry into a performance agreement which required it to make certain renovations and alterations to the facilities at the relocation site. Darien contends that this condition was "unreasonable" and constituted a breach of Article 4.4 of the dealer agreement.

Darien's claim, however, is not supported by the plain language of Article 4.4

lying allegations and procedural history is presumed.

of the dealer agreement. That article does not limit JLRNA to consideration of only those factors expressly enumerated. Rather, Article 4.4 unequivocally states that JLRNA will approve the relocation only if "based *upon all relevant factors,* the Company in the exercise of its good faith and business judgment considers the proposed relocation to be in the best interest of Dealer and of Jaguar Owners in the area in which Dealer is located." (Emphasis added). Conditioning approval on Darien's willingness to enter into a performance agreement regarding the nature and quality of the facility at the relocation site is a "relevant factor" that JLRNA could properly consider when evaluating a proposed relocation. Simply because this requirement was not specifically enumerated in Article 4.4 does not mean that it was improper of JLRNA to condition relocation approval on Darien's entry into a performance agreement. The language of this article unambiguously gives JLRNA the discretion to consider all relevant factors in determining whether a proposed relocation is in the best interest of Darien and Jaguar owners in the area.

## II. Breach of Contract (Count III)

■ Darien alleges in Count III of the second amended complaint that "JLRNA repeatedly breached Article 4.3 [of the dealer agreement] in failing to negotiate the Performance Agreement and in failing to take into account the economic consequences of the upgrade program on [Darien]." JLRNA argues that this claim must be dismissed because an open-ended requirement to negotiate in good faith is unenforceable in Connecticut. The Court agrees.

2. The dealership agreement is attached to the second amended complaint as exhibit A.

*Kopperl v. Bain,* 2010 WL 3490980 (D.Conn. Aug. 30, 2010) is instructive in this regard. In *Kopperl,* the court dismissed a claim for breach of the duty to negotiate because, "a federal court's proper function is to apply the law of the state in which it sits, not create law." *Id.* at *7. Thus, if a claim is not viable under Connecticut law, it should be dismissed under Rule 12(b)(6) without leave to replead. *Id.* As the *Kopperl* court noted, there is no cause of action for breach of duty to negotiate in good faith under Connecticut law. *Id.*

In the absence of any authority to the contrary, Darien's claim for a breach of contract on the basis of a failure to negotiate in good faith is dismissed.

### III. Breach of the Implied Covenant of Good Faith & Fair Dealing (Counts II and IV)

█ JLRNA argues that Darien's claims for breach of the implied covenant of good faith and fair dealing should be dismissed because Darien has not sufficiently alleged the required element of bad faith. The Court agrees.

Previously, this Court dismissed Darien's claim of breach of the implied covenant of good faith and fair dealing because Darien did not sufficiently allege bad faith. *Miller Automobile Corp.,* 2010 WL 3417975 at *5. Darien has repleaded this cause of action in its second amended complaint in two separate counts. Because Darien has not plead any additional facts from which bad faith can be inferred, however, these newly alleged counts must be dismissed.

As the Court noted in its previous opinion, the disagreement between the parties is, at its core, a simple business dispute. Despite its efforts to replead the bad faith claim in its second amended complaint, Darien has once again failed to make any allegations that would support an inference that JLRNA acted with a "dishonest purpose or moral obliquity" rather than merely in the exercise of its business judgment. *See Buckman v. People Express, Inc.,* 205 Conn. 166, 171, 530 A.2d 596 (1987) ("[B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will."). Without any allegations supporting an inference of conscious wrongdoing, dishonest purpose or moral obliquity, Darien's claims for breach of the covenant of good faith and fair dealing are not cognizable. To survive a motion to dismiss, Darien had to "do more than add the words 'bad faith' to the complaint." *Stern v. General Electric Co.,* 924 F.2d 472 n. 8 (2d Cir.1991).

### ORDER

For the foregoing reasons, JLRNA's motion to dismiss [doc. # 56] is GRANTED. The Clerk of the Court shall enter judgment for the defendant on all counts of the second amended complaint and shall close this case.

SO ORDERED